In the Matter of the Claim of FRED W. DEWITT, Appellant, against JOHN C. HOORNBEEK'S SONS and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the claimant from an award made by the State Industrial Board of ninety per cent loss of the use of the left leg, and forty per cent loss of the use of the left arm, as schedule awards, on the ground that additional non-schedule injuries were sustained, and that the award should have been made under paragraph v of the third subdivision of section 15 of the Workmen's Compensation Law. Claimant fell about twenty feet from a plank crossing a mill stream to the ice below, and was carried down stream by the ice and current about fifty feet. He received many injuries, including very serious ones to his leg and arm. The Board found as a fact that one of the additional injuries was that to his shoulder, but no award therefor was made, and refused to find or to make any award for any injuries except those to the leg and arm. The consideration of facial injuries was postponed to a later hearing. The evidence justifies not only the finding made relative to the shoulder, but also justifies finding of injury to the hip. The accident occurred March 4, 1926. At that time the present paragraph u of said section had not been adopted, and accordingly multiple awards were not authorized. And even now paragraph u may not be applied to injuries sustained in 1926, as that provision is not retroactive. (*Matter of Knights* v. *Morris*, 265 N. Y. 527.) Thus the award to be made here must be made without regard to the amendment of 1929. The claimant having sustained multiple injuries of the schedule class, as well as non-schedule injuries, any award to be made in this case must be made under paragraph v of subdivision 3 of section 15 of the Workmen's Compensation Law. Award reversed, with costs to the claimant against the employer and the insurance carrier, and matter remitted to the Industrial Board for an award under paragraph v of subdivision 3 of section 15 of the Workmen's Compensation Law. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.

In the Matter of the Claim of GUS ANDERSON, Respondent, against STARRETT BROS. & EKEN, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Award amended, as requested, to provide for disability of $104\frac{1}{2}$ weeks rather than for $122\frac{1}{6}$ weeks; the total reduced from $2,443.33 to $2,090, and the termination of the period fixed as of March 25, 1935, rather than July 25, 1935; and the award as so modified affirmed, with costs to the State Industrial Board against the employer and the carrier. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.

In the Matter of the Claim of ANNA SCIBORSKI, Respondent, against CHILDS COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from award for disability. The medical evidence amply supported the finding of causal relation. The wage rate was properly established under subdivision 2 of section 14 of Workmen's Compensation Law. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.